UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NAUTILUS INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**NICOLE DUFAULT**, *et al.*,<br><br>Defendants. | Case No. 22–cv–00836–CCC–ESK<br><br>OPINION AND ORDER |

**KIEL**, **U.S.M.J.**

    **THIS MATTER** is before the Court on *pro se* defendant Nicole Dufault's motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. §1915(e)(1) (Motion). (ECF No. 10.) For the following reasons, the Motion is **DENIED**.

## BACKGROUND

    Dufault, a former teacher in New Jersey, was indicted in 2015 for "having [had] sex with [several] male students under the age of 16 in 2013 and 2014." (ECF No. 1 ¶¶17, 33.) After Dufault was convicted on three counts of aggravated criminal sexual contact in 2020, seven male students filed separate civil actions against her in state and federal court. (ECF No. 1 ¶¶17–32, 34.)

    At the time of the alleged misconduct, Dufault was insured under the Excess Educators Employment Liability Policy (Policy) issued by plaintiff Nautilus Insurance Company (Nautilus). (ECF No. 1 ¶1.) Dufault now seeks defense and indemnity coverage under the Policy for the seven civil lawsuits pending against her. (ECF No. 1 ¶¶1, 2.) Nautilus, however, argues that because the alleged misconduct is not predicated on Dufault's "educational employment activities" and because she was convicted on charges related to the alleged

misconduct, Dufault is not entitled to coverage either for defense or for indemnity. (ECF No. 1 ¶ 3.)

## PROCEDURAL HISTORY

Nautilus filed the complaint on February 16, 2022. (ECF No. 1.) Dufault's request for an automatic extension of time to file an answer (ECF No. 9) was granted on March 23, 2022 (entry after ECF No. 10.) On the same day, Dufault filed the Motion.[1] (ECF No. 10.) On April 20, 2022, Dufault's second request for an extension of time to file an answer was granted. (ECF No. 13.)

## MOTION FOR *PRO BONO* COUNSEL

Dufault states that she cannot afford to hire an attorney. (ECF No. 10 p. 3). Dufault indicates that she sought assistance from "Essex County Legal Aid Services," but they advised her that they could not help. (*Id.*) Dufault notes that "[i]f Nautilus is granted the relief [it seeks], [she would] not have the money to hire a lawyer to protect [her] interests in the ["complex,"] seven underlying lawsuits." (*Id.*)

## ANALYSIS AND DISCUSSION

The Court has the discretion to appoint attorneys to represent litigants who are "unable to afford counsel." 28 U.S.C. § 1915(e)(1). "[B]ecause volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases," the Court "should exercise care when appointing counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). The appointment of counsel in a civil case is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). Accordingly, the decision to appoint counsel "must be made on a case-by-case basis." *Tabron v. Grace*, 6 F.3d 147, 157–58 (3d Cir. 1993).

---

[1] Dufault's request for an extension of time and the Motion were dated March 17, 2022, however the Court did not receive her papers until March 21, 2022. (*See* ECF Nos. 9, 10.)

When deciding whether to appoint *pro bono* counsel "the Court must [first] assess whether the claimant's case has some arguable merit in fact and law." *Tabron*, 6 F.3d at 155. Once a claimant overcomes this "threshold hurdle," the Court should then consider the following factors: (1) the claimant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which a factual investigation will be necessary and the claimant's ability to pursue the investigation; (4) the claimant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155–57. "This list of factors is not exhaustive, but instead should serve as a guidepost." *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997). The Court "must [also] take note of … the lack of funding to pay appointed counsel[] and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *U.S. SEC v. Clay Cap. Mgmt., LLC*, No. 11-05020, 2013 WL 12164678, at *3 (D.N.J. Jan. 2, 2013) (quoting *Tabron*, 6 F.3d at 157).

I cannot, at this junction, determine whether Dufault's anticipated-claim for coverage has "some arguable merit in fact and law." *Tabron*, 6 F.3d at 155. Dufault has not yet filed an answer to Nautilus' complaint. (*See* ECF No. 13.) Since "this case is in the very early stages of litigation, and … no discovery has been conducted," Dufault's ability to defend this case has not been tested. *Days Inns Worldwide, Inc. v. Patel*, No. 13-05901, 2013 U.S. Dist. LEXIS 177594, at *3 (D.N.J. Dec. 16, 2013). Therefore, Dufault cannot sufficiently overcome the "threshold hurdle." *Parham*, 126 F.3d at 459.

Moreover, Dufault has not established her inability to pay, has provided no documentation relating to her financial status, and has not sought *in forma pauperis* status. *See Days Inns*, 2013 U.S. Dist. LEXIS 177594, at *3; *U.S. SEC*, 2013 WL 12164678, at *3. Rather, Dufault merely states that she "cannot afford an attorney" and does "not have the money to hire a lawyer to protect [her]

3

interests." (ECF No. 10 p. 3). While a civil litigant's inability to afford counsel "is only a single factor for consideration" when deciding a motion to appoint *pro bono* counsel, Dufault raises no arguments in support of the other factors for the Court's consideration. *Days Inns*, 2013 U.S. Dist. LEXIS 177594, at *3. Accordingly, the Motion is denied.

## ORDER

Accordingly, and for the reasons stated above,

**IT IS** on this **26th** day of **April 2022 ORDERED** that:

1. The Motion is **DENIED**.

2. The Clerk of the Court is directed to terminate the Motion at **ECF No. 10**.

3. The Clerk of the Court is directed to transmit a copy of this opinion and order to defendant Nicole Dufault by regular mail.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES MAGISTRATE JUDGE**

4