NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>                Plaintiff,<br>v.<br>NICOLE DUFAULT, ISAIAH ZIYAMBE-FREEMAN, UCHECHI IKE, MATTHEW DERILUS, ISAIAH GAVIN, ORMOND SIMPKINS, FRANKIE JEROME, BRANDON HAYES, and JOHN DOES 1-10,<br><br>                Defendants. | Civil Action No.: 22-cv-836<br><br>**OPINION** |

**CECCHI, District Judge.**

**I.    INTRODUCTION**

This matter comes before the Court on Plaintiff Nautilus Insurance Company's ("Plaintiff" or "Nautilus"): (1) motion for summary judgment seeking a declaration that it is not obligated to defend or indemnify Defendant Nicole Dufault ("Defendant" or "Dufault") in several underlying civil lawsuits (ECF No. 28); and (2) motion for default judgment against defendants Matthew Derilus, Isaiah Gavin, Ormond Simpkins, Frankie Jerome, Brandon Hayes, Isaiah Ziyambe-Freeman, and Uchechi Ike (collectively, the "Default Defendants" or "Underlying Plaintiffs") (ECF No. 34). Defendant filed a letter in opposition to Plaintiff's summary judgment motion (ECF No. 30), and Plaintiff replied in support of its motion (ECF No. 29). The Default Defendants did not respond to Plaintiff's motion for default judgment. The Court has considered the submissions made in support of and in opposition to the motions and decides the motions without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion for summary judgment is **GRANTED** and Plaintiff's motion for default judgment is **GRANTED**.

1

## II. BACKGROUND

### A. Factual Background

In this action for declaratory judgment, Plaintiff, a provider of education employment liability insurance policies, seeks a ruling that it is not obligated under the terms of its policy to defend or indemnify Defendant in several individual lawsuits brought by the Underlying Plaintiffs. The Underlying Plaintiffs, in separate civil actions, allege that Defendant Nicole Dufault, an insured high-school teacher formerly of Columbia High School in New Jersey, sexually abused them while they were under the age of 16.

On February 11, 2015, an Essex County grand jury returned a 40-count indictment against Defendant, charging her with first-degree aggravated sexual assault pursuant to N.J.S.A. 2C:14-2(a)(2)(b) and second-degree endangering welfare of a child pursuant to N.J.S.A. 2C:24-4a. *See* Plaintiff's Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 ("PSMF") ¶ 1; ECF No. 28-5 ("Indictment"). The Indictment accused Defendant of engaging in sexual relations with six male students under the age of 16 in 2013 and 2014. *Id.*[1]

Subsequent to the Indictment, the Underlying Plaintiffs filed individual civil lawsuits against Defendant and her employer, the Board of Education of South Orange-Maplewood School District (the "Board"). PSMF ¶ 5. The Underlying Plaintiffs' allegations are briefly summarized as follows:

- Gavin, a special needs student, claims that during his freshman and sophomore years, Defendant "made regular and repeated sexual contact with him" and

---

[1] These six students are Underlying Plaintiffs Ziyambe-Freeman, Ike, Derilus, Gavin, Simpkins, and Jerome. Brandon Hayes, the seventh Underlying Plaintiff, was not named in the indictment.

"engaged in deviant sexual behavior, repeated sexual harassment, sexual abuse, sexual assault, and battery." PSMF ¶¶ 6–10;

- Ziyambe-Freeman and Ike similarly allege that they were suffering from learning disabilities and were "the victim[s] of sexual harassment, assault, and abuse committed by Dufault." *Id.* ¶¶ 13–14. They further asserts that Defendant's purported wrongdoing constituted "pedophilia, sexual molestation, abuse and assault, sexual discrimination, harassment, abuse and violence based on [their] disability and race." *Id*;

- Derilus claims that he was "subjected to a sexually and racially hostile school environment and discrimination" as a result of his sexual interactions with Defendant. *Id.* ¶ 17. Moreover, Derilus alleges he observed "Dufault's sexual activity with other young, African-American male students in and on Columbia High School grounds." *Id*;

- Simpkins, a student with learning disabilities, claims that Defendant would "sexually abuse him regularly during their special needs morning class session." *Id.* ¶ 19. He further alleges that Defendant engaged in more than 200 acts of sexual abuse and molestation against him and other young African-American males. *Id.* ¶ 20;

- Jerome asserts that, as a special needs freshman, Defendant forced him to engage in sexual intercourse with her on eight or nine occasions. *Id.* ¶ 22. Moreover, Jerome's complaint alleges that Defendant manipulated and groomed him along with other similar students at Columbia High School. *Id.* ¶ 23;

3

- Hayes alleges that Defendant began grooming him as a freshman, and he was later repeatedly forced to engage in sexual activities with Defendant. *Id.* ¶ 25. Like the other Underlying Plaintiffs, Hayes assets that Defendant prayed on young, African-American males in a discriminatory fashion. *Id.*

On January 22, 2020, Defendant pleaded guilty in the criminal action to three counts of third-degree aggravated criminal sexual contact as to Ziyambe-Freeman, Gavin, and Jerome. PSMF ¶ 3; ECF No. 28-6.

B.  **The Nautilus Policies and Coverage Dispute**

Plaintiff issued an Excess Educators Employment Liability Insurance Policy to the New Jersey Education Association, of which Defendant is a member, covering September 2013 through September 2015. ECF Nos. 28–18, 28–19 (hereinafter, the "Nautilus Policies"). *See* PSMF ¶¶ 26–27. The Nautilus Policies provide defense and indemnity coverage on behalf of an insured educator, but only for claims arising from the insured's "education employment activities." *Id.* ¶ 28. In other words, for defense and indemnity coverage to attach under the Nautilus Policies, the subject matter of the suit for which coverage is sought must be premised on "education employment activities." The Nautilus Policies expressly define "education employment activities" as either: "(1) pursuant to the express or implied terms of his or her employment by an educational unit; or (2) at the express request or with the express approval of his or her supervisor, provided that, at the time of such request or approval, the supervisor was performing what would appear to be his or her educational employment activities." *Id.*; Nautilus Policies at II(E), p.1. Even if coverage attaches through "education employment activities," the Nautilus Policies contain exclusions that disclaim coverage for claims arising out of a "criminal proceeding that has resulted in the Insured's conviction," or "[o]ccurrences involving damages which are the intended

4

consequence of action taken by the Insured." PSMF ¶¶ 30–32; Nautilus Policies at VII(A)(1), VII(A)(6), p. 6–7.

Pursuant to the civil actions brough by the Underlying Plaintiffs, Defendant, through her membership in the New Jersey Education Association, sought to invoke the Nautilus Policies for defense and indemnity coverage in these suits. PSMF ¶¶ 33. In response to Defendant's notice of the civil lawsuits filed against her, Plaintiff, through its claims administrator, advised that it would defend the underlying civil actions "subject to a reservation of rights." *Id.* ¶ 35; ECF No. 28-22. Specifically, Plaintiff reserved the right to "hereafter dispute any coverage obligation for either defense or indemnity, and to withdraw from the defense if it is determined that no coverage attaches under the policy." PSMF ¶ 36; ECF No. 28-22.

On September 7, 2021, Plaintiff advised Defendant that it had determined that she did not qualify for coverage in any of the Underlying Plaintiffs' civil actions. PSMF ¶ 40; ECF No. 28-25. Specifically, Plaintiff stated:

> From the [Underlying] Plaintiffs' allegations and the criminal indictment and conviction, *it is clear that the conduct at issue in the Lawsuits is not 'educational employment activities.'* Your alleged sexual abuse of the Plaintiffs (which you admitted as to Plaintiffs Gavin, Freeman and Jerome by your guilty pleas on Counts 5, 25 and 31) indisputably was not 'pursuant to the express or implied terms of [your] employment' at Columbia High School, nor was it 'at the express request or with the express approval of [your] supervisor.' *Therefore, the Lawsuits do not arise from or involve 'an occurrence in the course of the Insured's educational employment activities,' and the EEL Policy does not provide coverage to you for any of the seven Lawsuits.*

ECF No. 28-25 at 9 (emphasis added). Accordingly, Nautilus disclaimed all defense and indemnity coverage for the underlying claims. *Id.* Plaintiff further advised Defendant that it intended to file the instant declaratory judgment action to establish that it had no duty to defend or indemnify Defendant in the underlying civil suits. PSMF ¶ 41.

5

### C. The Instant Actions for Summary Judgment and Default Judgment

Plaintiff filed its complaint for declaratory judgment against Dufault and the Underlying Plaintiffs on February 16, 2022. ECF No. 1. Specifically, Plaintiff seeks a declaration from this Court that it has no duty to indemnify or defend Dufault in the civil actions brought by the Underlying Plaintiffs because: (1) her conduct does not fall within the Nautilus Policies' definition of "educational employment activities"; (2) her convictions for criminal sexual contact, the acts of which constitute the underlying lawsuits, preclude coverage under the Nautilus Policies' exclusions; and (3) her intentional sexual abuse of minor children excluded her from coverage under the "Intentional Damages" provision of the Nautilus Policies. ECF No. 1 at ¶¶ 53–72.

On March 4, 2022, a Notice of Suit and Request to Waive Service along with a copy of the complaint was mailed to counsel for each Underlying Plaintiff/Default Defendant. ECF Nos. 34-2,5,7,8,9. Default Defendants Simpkins, Jerome, and Hayes waived service on March 11, 2022. ECF Nos. 5–7. The four remaining Default Defendants did not respond to the waiver request, so Plaintiff effectuated personal service. ECF Nos. 14, 19, 20, 21, 34-15. None of the Default Defendants filed answers or otherwise moved in response to Plaintiff's complaint.

On March 21, 2022, Defendant moved for pro bono counsel (ECF No. 10); Magistrate Judge Edward S. Kiel denied Defendant's request on April 26, 2022. ECF No. 15. On May 10, 2022, Defendant answered the complaint. ECF No. 17. On June 17, 2022, Plaintiff requested an entry of default against all seven of the Default Defendants, which the Clerk entered on June 17, 2022, for failure to plead or otherwise defend. ECF Nos. 24–27.[2] On July 8, 2022, Plaintiff filed

---

[2] Two weeks after the clerk entered default against the seven Underlying Plaintiffs, it appears that an attorney sent an email to Plaintiff's counsel advising that he was "being retained" to represent default defendants Ziyambe-Freeman and Ike. ECF No. 34-3 ¶ 48. Plaintiff was asked to consent to vacating the default entered against these two individuals, but Plaintiff declined to consent. *Id.* There does not appear to be any further communication regarding this issue on the docket.

the instant motion for summary judgment (ECF No. 28) and Defendant opposed on July 19, 2022. ECF No. 30.  Plaintiff replied in support of its motion on July 25, 2022.  ECF No. 29.

On August 17, 2022, this Court directed Plaintiff to move for default judgment as to the Underlying Plaintiffs.  ECF No. 31.  Accordingly, on August 29, 2022, Plaintiff moved for default judgment as to all Underlying Plaintiffs/Default Defendants:  Ziyambe-Freeman, Ike, Derilus, Gavin, Simpkins, Jerome, and Hayes.  ECF No. 34.  On September 6, 2022, the Court received a letter from Defendant indicating that she had no objection to the relief sought by Plaintiff against the Default Defendants, and that if such relief is granted, that the Court specifically state the names of defendants to whom default judgment has been entered.  ECF No. 35.

For the reasons stated below, the Court grants Plaintiff's motion for summary judgment against Defendant Nicole Dufault, and grants Plaintiff's motion for default judgment against Default Defendants Ziyambe-Freeman, Ike, Derilus, Gavin, Simpkins, Jerome, and Hayes.

## III. <u>LEGAL STANDARD</u>

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials," demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

The moving party on summary judgment has the initial burden of proving the absence of any genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, a genuine issue of material fact exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 585–87 (1986). In order to meet its burden, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citation omitted); *see also Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("To raise a genuine issue of material fact," the opponent must "exceed[ ] the 'mere scintilla' threshold ...."). An issue is "genuine" if it is supported by evidence, such that a reasonable jury could return a verdict in the non-moving party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *See id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

Rule 55 allows a court "to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Whether to grant default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." T*he Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). Then, "the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper[.]" *Teamsters Health & Welfare*

8

*Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted). Three factors govern whether default judgment is proper: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In making these determinations, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

## IV. DISCUSSION

### A. Summary Judgment

Plaintiff primarily contends that it is entitled to summary judgment because the undisputed material facts demonstrate that it has no duty to defend or indemnify Dufault in the Underlying Plaintiffs' civil actions. Specifically, Plaintiff argues that Defendant's purported sexual abuse clearly falls outside the definition of covered "education employment activities," and thus Defendant may not invoke coverage under the Nautilus Policies.

The Court agrees with Plaintiff and will grant a declaratory judgment in Nautilus' favor. There is no genuine dispute that Defendant's alleged sexual abuse of the Underlying Plaintiffs is not an "education employment activity" covered under the Nautilus Policies. Under New Jersey law, "an insurance policy is a contract that will be enforced as written when its terms are clear in order that the expectations of the parties will be fulfilled." *Flomerfelt v. Cardiello*, 202 N.J. 432, 441 (2010). Courts interpreting an insurance policy are directed to "give the policy's words their plain and ordinary meaning." *Nav-Its, Inc. v. Selective Ins. Co. of America*, 183 N.J. 110, 118 (2005) (internal quotation omitted). Here, the terms of the Nautilus Policies are clear and

9

unambiguous – Nautilus disclaims its obligation to defend and indemnify civil lawsuits in which the underlying subject matter is not related to "educational employment activities." PSMF ¶¶ 28, 42. Educational employment activities explicitly refer to actions "pursuant to the express or implied terms of his or her employment" or activities engaged in "at the express request or with the express approval of his or her supervisor." *Id.*; Nautilus Policies at II(E), p.1. It is undisputed that the alleged sexual abuse of minor students was not conducted pursuant to the terms of Defendant's (or any educator's) educational employment. There is no evidence nor assertion that the alleged criminal sexual contact was done at the behest of Defendant's supervisor. Thus, Plaintiff's claim for declaratory judgment is valid.

Federal courts to consider this specific issue have routinely held that sexual molestation of minor students falls outside the scope of educational employment activity and thus beyond the protection of an educational insurance policy like the Nautilus Policies at issue. *See, e.g.*, *Nautilus Insurance Co. v. Gonzalez*, No. 20-1675, 2021 WL 3733115, at *5 (E.D. Cal. Aug. 24, 2021) (determining that a civil suit arising from a teacher's alleged sexual abuse "did not arise from an 'educational employment activity'"); *Horace Mann Ins. Co. v. Barney*, No. 17-00016, 2018 WL 1733989, at *3 (W.D. Va. April 10, 2018) ("[T]he general rule is that sexual abuse by a teacher is not within the liability insurance coverage of 'educational employment activities.'") (citing David S. Florig, *Insurance Coverage for Sexual Abuse or Molestation*, 30 Tort & Ins. L.J. 699, 735–36 (1995); *Horace Mann Ins. Co. v. Fore,* 785 F.Supp. 947, 948–949 (M.D. Ala.1992) (holding that acts of sexual abuse were not "Educational Employment Activities" within meaning of insurance policy and that insurance company, which had brought a declaratory judgment action, was entitled to judgment as a matter of law).

Accordingly, the Court finds that coverage does not attach to Defendant under the Nautilus Policies because the Underlying Plaintiffs' claims against Defendant do not arise out of her "educational employment activities." Thus, Plaintiff is not obligated to defend or indemnify Defendant in the underlying civil suits. Summary judgment on Plaintiff's declaratory judgment claim against Defendant is granted.[3]

**B. Default Judgment**

Plaintiff named the Underlying Plaintiffs/Default Defendants in its complaint for declaratory relief because it anticipates that these individuals would seek to collect from Plaintiff any damages awarded to them in their underlying civil actions against Dufault. *See* ECF No. 34-2 at 7. None of the Default Defendants filed answers or otherwise moved in response to Plaintiff's complaint. In accordance with the Court's order dated August 17, 2022, Plaintiff filed the instant motion for default judgment against the Default Defendants on August 29, 2022. ECF No. 34.

In determining whether to grant default judgment against non-responding parties, the Court must first "look into its jurisdiction both over the subject matter and the parties." *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-3452, 2008 WL 2967067, at *9

---

[3] Because the Court finds as a threshold matter that Defendant is not covered under the Nautilus Policies for activities outside of her educational employment, it need not consider whether the intentional harm exclusion or criminal conviction exclusion apply. *See* ECF No 28 at 17–21; *see also Barney*, 2018 WL 1733989, at *4 (finding that the "educational employment activities" language of the subject policy excludes coverage for sexual assault civil suits and reasoning that "[w]hile it is likely that the intentional damages exclusion also applies to deny coverage . . . it is not necessary for me to decide that issue."). Nonetheless, the Court acknowledges that civil actions arising from intentional harms and criminal convictions have been excluded from coverage. *A.S. ex rel. J.S. v. Horace Mann Ins. Co.*, No. 12-271, 2013 WL 3381378, at *3, 5–6 (N.D. Ala. July 8, 2013) (determining that an insurance policy did not cover an insured teacher for claims arising out of the teacher's sexual abuse of a learning-disabled minor under a provision excluding coverage for "[o]ccurrences involving damages which are the intended consequence of action taken by the insured or at the insured's direction."); *Princeton Ins. Co. v. Chunmuang*, 151 N.J. 80, 96 (1997) ("In general, proof of a criminal conviction is sufficient to bring the conduct within the exclusion.").

(D.N.J. July 31, 2008) (citation omitted). Diversity subject matter jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). Here, the Court has diversity subject matter jurisdiction. Plaintiff is an Arizona corporation with its principal place of business in Arizona (ECF No. 34-3 ¶ 51) and the Default Defendants are all individual citizens of New Jersey. *Id.* at ¶¶ 4, 10, 16, 21, 26, 31, 39. Further, each of the Default Defendants bring an action against Dufault for more than $75,000 in damages. *See* ECF Nos. 28-9,11, 12, 13, 14, 15, 16. Thus, the Court possesses subject matter jurisdiction over this matter. The Court also has personal jurisdiction over the Default Defendants. "[A]n individual's domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (internal quotation marks omitted). As stated above, all of the Default Defendants reside in New Jersey, and the events giving rise to their claims against Dufault all occurred in New Jersey. Therefore, the Court is satisfied that it retains personal jurisdiction over the Default Defendants.

The Court also is satisfied that there exists sufficient proof of service. As stated above, Default Defendants Simpkins, Jerome, and Hayes waived service on March 11, 2022. ECF No. 34-3 ¶ 18. The remaining Default Defendants – Derilus, Gavin, Ziyambe-Freeman, and Ike – were all personally served in compliance with Fed. R. Civ. P. 4(e). ECF No. 34-3 ¶¶ 7, 13, 34, 42. Accordingly, service of the summons and complaint was proper on all Default Defendants.

Having met the threshold requirements for default judgment, the Court next considers whether Plaintiff has stated sufficient causes of action against the Default Defendants. The Court finds that, taken as true, Plaintiff's factual allegations in the complaint represent cognizable claims for declaratory judgment. Under 28 U.S.C. § 2201(a), the Court may, in its discretion, declare the rights of the parties in an action for declaratory judgment where there exists an actual controversy

between the parties. See *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139 (3d Cir. 2014) (district courts have "unique and substantial discretion" to determine whether to enter declaratory judgment). Here, an actual controversy exists between the parties; absent declaratory judgment absolving Nautilus of coverage obligations, the Default Defendants could pursue claims against Nautilus for any damages awarded in the civil actions against Dufault. *See Federal Kemper Insurance Co. v. Rauscher*, 807 F.2d 345, 353 (3d Cir. 1986). *See also Colony Ins. Co. v. Constr. Pros of New Jersey, LLC*, No. 16-5878, 2017 WL 2656018, at *3 (D.N.J. June 20, 2017) ("Thus, even when a judgment of non-coverage is entered against an insured, there is still a case or controversy between the insurer and an injured third-party. In other words, the insurer may pursue a declaratory judgment against the injured party."). Given the existence of an actual controversy between the parties, the Court further determines that Plaintiff plausibly states claims for declaratory judgment against the Default Defendants. Not only does Plaintiff plead that it is not required to provide coverage to Dufault, which the Court must accept as true at this stage, but the Court has already determined that a declaratory judgment is warranted against Dufault because the underlying actions arise beyond the scope of covered educational employment activity. Accordingly, there exists a ripe case or controversy between Plaintiff and the Default Defendants, and Plaintiff has sufficiently stated cognizable causes of action for a declaratory judgment against the Default Defendants.[4]

---

[4] While the amount of damages must be proven to justify default judgment, *see Condyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), Plaintiff does not request money damages in the instant matter. Instead, Plaintiff requests only a declaratory judgment absolving it of defense and indemnity obligations under the Nautilus Policies. Thus, the Court need not examine any claim for damages under these circumstances. *See Certain Underwriters at Lloyds, London Subscribing to Pol'y No. ABLD007388 v. Premier Guidance LLC*, No. 17-5676, 2018 WL 278738, at *4 (D.N.J. Jan. 2, 2018).

The Court must next determine if default judgment is proper by weighing the *Emasco* factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

All three *Emasco* factors weigh toward default judgment in favor of Plaintiff. Plaintiff would be unfairly prejudiced absent default because it "could be subjected to claims that its policy covers the relevant injuries in the underlying [] action[s]." *Lloyds*, 2018 WL 278378, at *4. Plaintiff should not be required to relitigate this coverage issue in a future matter simply because the Underlying Plaintiffs did not make an appearance here. *Colony*, 2017 WL 2656018, at *3. Further, the Default Defendants have not responded to this matter, and thus have "put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015); *see Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012) (court could not "determine whether [d]efendant had any meritorious defenses" where it failed to respond). Additionally, there is nothing on the face of the Complaint nor in the Nautilus Policies indicating that a meritorious defense is available. *Colony, 2017 WL 2656018, at *3.* Lastly, the Default Defendants' failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability. *Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *3 (D.N.J. June 7, 2016); *Nautilus Ins. Co. v. Triple C Const., Inc.*, No. 10-2164, 2011 WL 42889, at * 6 (D.N.J. Jan. 6, 2011); *Colony*, 2017 WL 2656018, at *3. The Default Defendants are therefore presumed culpable for failure to answer, move, or otherwise respond. Given the weight of each

14

of these factors, the Court find default judgment proper and will grant Default Judgment against all Default Defendants.

## V.     CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment against Defendant (ECF No. 28) is granted and Plaintiff's motion for default judgment (ECF No. 34) against the Default Defendants – Isaiah Ziyambe-Freeman, Uchechi Ike, Matthew Derilus, Isaiah Gavin, Ormond Simpkins, Frankie Jerome, and Brandon Hayes – is granted.  An appropriate Order accompanies this Opinion.

**DATED**:  March 9, 2023

s/ Claire C. Cecchi<br>
**CLAIRE C. CECCHI, U.S.D.J.**